UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CASE NO. 1:06-CR-00338 |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 726] |
| LUCIEN RAY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This Court sentenced Defendant Lucien Ray to 46 months of incarceration with six years of supervised release on January 24, 2007.[1] In 2011, while on supervised release, Defendant Ray was arrested and sentence in the Cuyahoga Common Pleas Court for aggravated vehicular assault and driving under the influence. He was sentenced to an eight year state prison term.[2] On January 18, 2012, this Court found that these actions constituted a violation of his supervised release and ordered him to serve a period of six months in federal custody, to be run consecutively with the state sentence.[3]

Almost three years later, Defendant Ray now moves to have his six-month federal sentence run concurrently with his state sentence.[4] Defendant Ray states that he is unable to participate in various programs or be housed at his requested state prison location because of the pending federal

---

[1] Doc. 494.
[2] Doc. 726.
[3] Doc. 669.
[4] Doc. 726. In the alternative, Defendant Ray requests that this Court "remove the detainer and allow for the Defendant to 'self surrender'" or "issue an order for the United States Marshall Service to receive the Defendant to serve the remaining sentence of this Court now so that the Defendant can be finished with this case."

-1-

Case No. 1:06-CR-00338
Gwin, J.

sentence to run after his state sentence ends.[5]

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"[6] Defendant Ray has not made a showing that this is one of the exceptions to the general rule. He has not shown that this Court presently has jurisdiction to modify the sentence, that this Court's unopposed decision to run the sentences consecutively was improper, or that his request— made nearly three years after sentence was imposed— is timely.

The Court **DENIES** Defendants' motion to modify his sentence.

IT IS SO ORDERED.

Dated: December 28, 2015               s/    *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[5] *Id.*
[6] *Dillon v. United States*, 560 U.S. 817, 819 (2010) (citing 18 U.S.C. § 3582(c))